**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ROWE PLASTIC SURGERY OF NEW JERSEY, LLC, et al.,

                Plaintiffs,

                -against-

AETNA HEALTH AND LIFE INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------x

23-CV-8504 (JLR) (OTW)

**OPINION AND ORDER**

**ONA T. WANG, United States Magistrate Judge:**

The Court is in receipt of Plaintiffs' motion to amend and accompanying briefing. (*See* ECF Nos. 46, 47, 48, 49, 51). For the reasons stated below, Plaintiffs' motion for leave to amend the complaint is **DENIED.**

    **I.**    **BACKGROUND**

The Court assumes familiarity with the history of this case. This matter was referred to me on September 29, 2023, for general pretrial management ("GPT"). (ECF 18). I am also the Magistrate Judge referred for GPT on 12 other nearly identical cases.[1] Plaintiffs also filed at least five other cases in this district that were not referred to me.[2]

This case was stayed from December 22, 2023, to December 9, 2024, pending the Second Circuit's decision in *Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance*

---

[1] 22-CV-7900 (JLR) (OTW); 22-CV-8713 (JLR) (OTW); 22-CV-9328 (JPC) (OTW); 22-CV-9427 (AT) (OTW); 23-CV-1373 (MMG) (OTW);  23-CV-6206 (SHS) (OTW); 23-CV-7049 (JHR) (OTW); 23-CV-8140 (JGK) (OTW); 23-CV-8297 (LGS) (OTW); 23-CV-8509 (SHS) (OTW); 23-CV-8512 (LLS) (OTW); 23-CV-8514 (LJL) (OTW).

[2] 23-CV-8521 (JSR); 23-CV-8529 (DLC); 23-CV-8298 (CM); 23-CV-8527 (CM); 23-CV-8532 (VSB).

*Co.*, 23-8083, 2024 WL 4315128 (2d Cir. Sept. 27, 2024). (ECF 35, 43); (*see also* 23-CV-8521, ECF Nos. 28, 30, 33). Immediately after this case was stayed, Judge Rochon denied Defendant's motion to dismiss without prejudice until after the stay was lifted. (ECF 36). On December 20, 2024, I granted an extension of time for Plaintiffs to file motions for leave to amend the complaint in this case, and in four nearly identical cases in this district in the same procedural posture.[3] Plaintiffs filed their motion and accompanying brief and affirmation on December 23, 2024. (ECF Nos. 46, 47, 48). Defendant filed their opposition on January 10, 2025. (ECF 49). Plaintiffs filed their reply on January 27, 2025. (ECF 51).

## II.   LEGAL STANDARD

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). It is within the trial court's discretion to grant or deny leave to amend under Rule 15(a)(2). *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 421, 330 (1971). A court may deny leave to amend for "good reason," which normally involves an analysis of the following four factors: undue delay, bad faith, futility of amendment, or undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b) requires the Court to enter a scheduling order that "limit[s] the time to join other parties, [and] amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Rule 16(b) further states that the schedule "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 16(b)(1), (3)(A). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial

---

[3] 23-CV-6206 (SHS) (OTW); 23-CV-7049 (JHR) (OTW); 23-CV-8140 (JGK) (OTW); 23-CV-8509 (SHS) (OTW).

proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000) (internal citations and quotations omitted). The movant must demonstrate diligence to satisfy the good cause standard. *Grochowski, et al. v. Phoenix Const., et al.*, 318 F.3d 80, 86 (2d Cir. 2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'"). In other words, the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met. *See Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003); *Parker*, 204 F.3d at 340.

### III.  DISCUSSION

#### A.  Failure to Submit Proposed Amended Pleading

As an initial matter, Plaintiffs failed to file a proposed amended pleading with their motion, as required by Local Rule 15.1(a). Plaintiffs filed a motion to amend, (ECF 46), an affirmation of Brendan J. Kearns in support, (ECF 47), and a memorandum of law in support, (ECF 48), none of which contain any exhibits. For this reason alone, Plaintiffs' motion to amend is **DENIED**.

#### B.  Amendment Also Fails Under Rule 16

Even if Plaintiffs had filed a proposed amended complaint in compliance with Local Rule 15.1, however, Plaintiffs' motion would still be denied because they did not exercise diligence in seeking amendment and allowing amendment would prejudice Defendant.

Rule 16 applies because Plaintiffs failed to comply with the Court's December 9, 2024, scheduling order (the "Dec. 9 Order"). (ECF 43). In the Dec. 9 Order, I directed Plaintiffs to file a motion seeking leave to amend if they sought to amend, and specifically directed Plaintiffs to address and distinguish the issues raised in Judge Cote's denial of leave to amend in 23-CV-8529, ECF 43. (ECF 43). This directive required Plaintiffs to identify how their <u>proposed amended complaint</u> (which the Court cannot review because Plaintiffs failed to file it) would rectify the specific factual and legal issues identified by Judge Cote.[4] While Plaintiffs facially "addressed" Judge Cote's decision by including a subheading in their brief, they failed to explain how their hypothetical <u>proposed amended complaint</u> would address Judge Cote's decision, and instead proposed a procedurally absurd workaround—consolidating the various *Rowe* cases, without filing a motion to consolidate. (ECF 48 at 6).[5] Plaintiffs also utterly failed to address "whether any estoppel applies to the parties or counsel" in this case, preferring to proceed by piecemeal litigation instead. (*See* ECF 43). Because Plaintiffs failed to comply with my Dec. 9 Order, Rule 16 applies.

---

[4] Judge Cote also denied leave to amend because Plaintiffs failed to file a proposed amended pleading, so Plaintiffs should have, could have, would have, and must have been aware of this requirement <u>even if</u> their counsel was unaware of the Local Rules.

[5] While Plaintiffs suggest in their brief that the proposed amendments would satisfy the pleading standards of Fed. R. Civ. P. 9(b) and would not violate Fed. R. Civ. P. 11, which were issues highlighted by Judge Cote, Judge Cote's primary concern was that a misstatement on a benefits verification call was not sufficient to state a claim for breach of contract, promissory estoppel, unjust enrichment, or fraudulent inducement claim. Plaintiffs do not suggest the proposed amendments would address this issue, and rely solely on consolidation.

The rest of the section of Plaintiffs' brief entitled "Addressing Judge Cote's Order" is spent describing various other proposed amendments the Court cannot review, including: (1) dates; (2) names of employees; (3) why the price term Aetna represented was a "lie;" (4) subjects of telephone calls; and (5) "facts establishing Aetna had a pecuniary interest in bilateral reduction mammaplasty being rendered OON." (ECF 48).

1. ***Plaintiffs Have Not Exercised Diligence***

Plaintiffs filed the complaint in this case on June 13, 2023. (ECF 1). Plaintiffs then filed, with leave of the court, an amended complaint on August 28, 2023. (ECF 11). As several judges in this district have recognized, the facts of the various *Rowe* cases, including this one, are nearly identical. *See Rowe Plastic Surgery of New Jersey, L.L.C.*, 2024 WL 382143, at *1 ("This action is one of several similar actions brought in this district against Aetna."); (22-CV-9427 (AT) (OTW), ECF 56) ("This case is one of more than 30 nearly identical lawsuits filed in this District and the Eastern District of New York…."); (23-CV-8527 (CM), ECF 49). Thus, Plaintiffs were on notice of the deficiencies in their amended complaint in this case no later than the issuance of Judge Rakoff's decision on December 11, 2023. Judge Cote's decision was then issued on February 1, 2024, over one year ago, and it largely adopted the same reasoning as Judge Rakoff's decision. *See Rowe Plastic Surgery of New Jersey, L.L.C.*, 2024 WL 382143, at *2.

Despite Judge Rakoff's and Judge Cote's decisions, issued over a year ago, which clearly implicate the pleadings in this case, Plaintiffs did not affirmatively seek leave to amend until after I had issued the Dec. 9 Order. Further, Plaintiffs appear to seek to add information to the amended complaint that they knew or should have known about well before the motion deadline.[6]

---

[6] Plaintiffs' motion appears to suggest, and Defendant contests, that Plaintiffs seek to add evidence of additional communications between Plaintiffs and Aetna and additional details about the re-pricing or shared savings programs. (*See, e.g.*, ECF 48 at 16) ("Additionally, the proposed amendments are factual allegations of the dates and subjects of telephone calls where Aetna orally informed the Providers the reimbursement rate for out of network services…"); (ECF 49 at 30). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014). While the Court cannot assess the substance of Defendant's argument because—again—there is no proposed amended complaint for the Court to review, the Court notes that Plaintiffs failed to address this argument in their reply brief, (*see* ECF 51), and already amended their complaint once in 2023 without pleading these additional communications. (ECF 11).

5

For these reasons, I find that Plaintiffs did not exercise diligence in seeking amendment.

### 2. *Amendment Would Prejudice Defendants*

When assessing whether a proposed amendment is unduly prejudicial, courts consider whether the assertion of the new claim or defense would: (1) require the non-movant to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the dispute's resolution; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 294 (2d Cir. 2000) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).

Here, allowing amendment would only delay resolution of this and potentially many of the other cases currently pending in this district. While I have been referred for GPT in 13 of the *Rowe* cases in the SDNY, there are at least four others not referred to me, additional cases in the Eastern District of New York, and already two appeals to the Second Circuit. (*See, e.g.*, 23-CV-8527, ECF 50); (*see also* 22-CV-9427, ECF 57). Defendant has already asked for expedited briefing as to all cases currently pending before me, and allowing amendment would require Defendant to, again, spend significant resources litigating the same issues across numerous cases. Allowing amendment here, where the claims and proposed amendments are functionally identical to those that have been brought in multiplicity in this and other districts and repeatedly rejected, and where Plaintiffs have not even provided a proposed second amended complaint, would unduly delay this case and prejudice Defendant.[7]

---

[7] Even if Rule 15's "should freely give leave [to amend] when justice so requires" standard applied, amendment would likely be denied. Decisions by judges in this district strongly suggest that amendment in these identical cases would be futile, *see Rowe Plastic Surgery of New Jersey, L.L.C. v. Aetna Life Insurance Co.*, 705 F. Supp. 3d 194, 203 (S.D.N.Y. 2023); *Norman Maurice Rowe, M.C., M.H.A., LLC v. Aetna Life Insurance Co.*, 23-CV-8527 (CM) (OTW),

IV. **CONCLUSION**

In sum, the Court finds that Plaintiffs did not exercise diligence in seeking amendment, and allowing amendment would prejudice Defendant. Further, Plaintiffs have failed to show good cause (or, indeed, any cause) for amendment, and failed to file a proposed amended pleading with their motion. Thus, Plaintiffs' motion to amend is **DENIED.** Defendant's request for expedited briefing is **GRANTED.**

Defendant is directed to file a renewed motion to dismiss by **April 14, 2025.** Plaintiffs' opposition, if any, is due **April 21, 2025.** Defendant is directed to file their reply, if any, by **April 25, 2025.** There will be no extensions to these deadlines.

The Clerk of Court is respectfully directed to close ECF 46.

**SO ORDERED.**

*s/ Ona T. Wang*

Dated: April 2, 2025
New York, New York

**Ona T. Wang**
United States Magistrate Judge

---

2025 WL 692051, at *2 (S.D.N.Y. Mar. 4, 2025), and allowing amendment would prejudice Defendant for the same reasons described above.