UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C. & NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C..

                Plaintiff,

- Against -

AETNA LIFE INSURANCE COMPANY,

                Defendant(s).

Case No.: 1:23-cv-08504-JLR-OTW

DECLARATION

STATE OF NEW YORK)
COUNTY OF _____ ) ss.

1) I, Brendan J. Kearns, am an attorned admitted to practice law in the Court. I submit this declaration in support of the motion to strike Defendant's oversized Memorandum of Law and in opposition to Defendant's Motion to Dismiss.

2) I am counsel to Plaintiffs in the above-captioned matter and submit this affidavit in support of Plaintiffs' motion to strike Defendant Aetna Life Insurance Company's memorandum of law in support of its motion to dismiss, filed at ECF No. 60.

3) This Court's Individual Practices in Civil Cases set a word limit of 6,500 words for memoranda of law filed in support of motions to dismiss, unless leave to exceed that limit is granted in advance.

4) Defendant's memorandum of law is 8,678 words—2,178 words over the Court's stated maximum. No application was made for excess words, and no order was entered granting such relief.

5) On this basis alone, the memorandum should be stricken. "The Court has significant discretion to enforce the local rules by striking the overlength pages of

the brief" (*In re Kumaran*, 2025 US Dist LEXIS 62360, at *7 [SDNY Apr. 1, 2025, No. 1:20-cv-3873-GHW]).

6) Plaintiffs are prejudiced because plaintiff has maximized the word limit with legal arguments on the merits of the case (*Catz v Precision Global Consulting*, 2021 US Dist LEXIS 78626, at *13 [SDNY Apr. 23, 2021])(" courts throughout the Second Circuit have typically exercised such discretion only when the opposing party is prejudiced by the violation or did not have the opportunity to respond in its own memorandum.").

7) In addition, the memorandum contains numerous statements that are impertinent, inflammatory, and serve no legitimate legal function. They are designed solely to impugn Plaintiffs and their counsel.

8) These include repeated references to Plaintiffs' claims as a "litigation campaign," describing Plaintiffs' conduct as an effort to "extract" payment or "leverage settlement," and characterizing the litigation as "vexatious," "frivolous," and "procedurally absurd." (See, e.g., ECF No. 60 at 1, 7, 10, 14, 16, 28.).

9) Defendant accuses Plaintiffs of seeking a "payday" and attempting to collect a "ransom," refers to the lawsuits as "meritless" and "defunct," and suggests sanctions or disciplinary referrals. (Id. at 10, 16, 28.)

10) Plaintiffs recognize that it is the hallmark of a bad case[1] when one's adversary resorts to ad hominem attacks, but such language exceeds the bounds of proper advocacy, is immaterial to the disposition of the motion, and is prejudicial.

11) Plaintiffs respectfully submit that the memorandum, in its current form, should not remain on the docket, as it violates this Court's rules and the standards of professional conduct applicable to proceedings in this District.

12) I have read the Memorandum of Law in Opposition to the Motion to Dismiss and I adopt all statements made therein.

13) I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 17. 2025

_____
Brendan J. Kearns

## CERTIFICATE OF COMPLIANCE

The foregoing affidavit was prepared on a computer. A proportionally spaced typeface was used, as follows:

Name of typeface: Century Schoolbook

---

[1] or a sore winner

Point size: 12

Line spacing: Double

The total number of words is 1,465.