UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

ROWE PLASTIC SURGERY OF NEW JERSEY, L.L.C.,  :
and NORMAN MAURICE ROWE, M.D., M.H.A., L.L.C., :
                                                                          :
                           Plaintiffs,                  :          No. 1:23-cv-08504-JLR-OTW
                                                                          :
          -against-                                      :
                                                                          :
AETNA LIFE INSURANCE COMPANY,         :
                                                                          :
                           Defendant.                  :

-------------------------------------------------------------------------x

## DEFENDANT AETNA LIFE INSURANCE COMPANY'S
## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Adam J. Petitt, Esq.
**ROBINSON & COLE LLP**
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: apetitt@rc.com

*Attorneys for Defendant*
*Aetna Life Insurance Company*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

      A.      Plaintiffs' Motion to Strike is Unauthorized and Procedurally and
Substantively Improper. ........................................................................................... 1

      B.      Plaintiffs Have Suffered No Prejudice and Have Had a Fair and Full
Opportunity to Respond to Aetna's Motion to Dismiss. ........................................ 3

CONCLUSION ................................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Catz v. Precision Global Consulting*,
    No. 19-cv-7499 (ER), 2021 WL 1600097 (S.D.N.Y. Apr. 23, 2021) ...................................2, 3

*Granger v. Gill Abstract Corp.*,
    566 F. Supp. 2d 323 (S.D.N.Y. 2008).......................................................................................2

*Guity v. Uniondale Union Free Sch. Dist.*,
    No. 15-cv-5693 (SJF)(AKT), 2017 WL 1233846 (E.D.N.Y. Mar. 31, 2017) ......................4, 5

*Impulsive Music v. Pomodoro Grill, Inc.*,
    No. 08-cv-6293 (MAT), 2008 WL 4998474 (W.D.N.Y. Nov. 19, 2008) ................................5

*Kendall v. Fisse*,
    No. 00-cv-5154 (SJJ), 2004 WL 1196811 (E.D.N.Y. May 25, 2004)......................................3

*Lipsky v. Commonwealth United Corp.*,
    551 F.2d 887 (1976)................................................................................................................5

*Nat'l Grid Corp. v. Brand Energy Servs.*,
    No. 13-cv-1275 (DRH)(ARL), 2017 WL 1194499 (E.D.N.Y. Mar. 30, 2017).......................3

*Sierra v. United States*,
    No. 97-cv-9329 (RWS), 1998 WL 599715 (S.D.N.Y. Sept. 10, 1998)...................................2

*Topps Co., Inc. v. Koko's Confectionery & Novelty*,
    No. 16-cv-5954 (GBD), 2020 WL 5077454 (S.D.N.Y. Aug. 27, 2020) ..................................2

**Statutes**

Employee Retirement Income Security Act of 1974 .......................................................................4

**Rules**

Fed. R. Civ. P. 12 ...............................................................................................................1, 2, 5

N.Y. L.R. 7.1......................................................................................................................1, 2, 3

## INTRODUCTION

Plaintiffs' motion to strike should be denied because it is unauthorized and both procedurally and substantively deficient.

First, Plaintiffs failed to request a premotion conference from Magistrate Judge Ona T. Wang and therefore filed their motion without permission.

Second, Plaintiffs' motion fails to comply with Magistrate Judge Wang's Individual Rules and Local Rule 7.1 and is improper pursuant to Federal Rules of Civil Procedure 12(f) which authorizes courts to strike material from "pleadings" only, not motions to dismiss.

Lastly, Plaintiffs have suffered no prejudice and have had a fair and full opportunity to consider and respond to Aetna's motion to dismiss.

For these reasons, Plaintiffs' motion to dismiss should be denied in full.

## ARGUMENT

### A.    Plaintiffs' Motion to Strike is Unauthorized and Procedurally and Substantively Improper.

Plaintiffs' motion to strike itself should be stricken because it is unauthorized and procedurally and substantively improper.

As an initial matter, Plaintiffs' motion is noticed to Magistrate Judge Wang, whose Individual Rules, *see* Rule V.c., first require a pre-motion conference before such a motion can be filed.  However, Plaintiffs failed to comply with Magistrate Judge Wang's Individual Rules and did not seek permission to file their motion.  As explained below, had Plaintiffs complied with Magistrate Judge Wang's Individual Rules, this matter would likely have been resolved without the need for Aetna to respond to, and the Court to address, this improper, half-hearted motion.[1]

---

[1] Plaintiffs' request to strike Aetna's initial brief, which is within the Court's discretion, should have been raised in Plaintiffs' opposition brief. *See Catz v. Precision Global Consulting*, No. 19-cv-7499 (ER), 2021 WL 1600097 at *4-5 (S.D.N.Y. Apr. 23, 2021).

1

Another example of Plaintiffs' wasteful litigation and undue delay in this matter. (*See* ECF No. 60 at 23-27).

Plaintiffs' motion also fails to comply with Local Civil Rule 7.1. While Plaintiffs include a notice of motion and a supporting declaration, the motion is not supported by a memorandum of law, which sets forth cases and other authority that Plaintiffs rely on. *See* L.R. 7.1(a)(2). Moreover, Plaintiffs' notice of motion fails to specify the applicable rules or statutes pursuant to which Plaintiffs purport to bring the motion. *See* L.R. 7.1(a)(1). As such, Plaintiffs' motion is procedurally defective.

Furthermore, a motion to strike is governed by Federal Rules of Civil Procedure 12(f), which provides that "the court may strike from a *pleading* any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). However, motion to dismiss papers, including memoranda of law and declarations, are not pleadings. *See Granger v. Gill Abstract Corp.*, 566 F. Supp. 2d 323, 334-35 (S.D.N.Y. 2008) ("Motions, declarations and affidavits are not pleadings."); *Topps Co., Inc. v. Koko's Confectionery & Novelty*, No. 16-cv-5954 (GBD), 2020 WL 5077454, at *1 (S.D.N.Y. Aug. 27, 2020) (denying motion to strike motion for summary judgment as "improper because Rule 12(f) permits a court to strike *pleadings only* ... [and]... '[m]otions, declarations, and affidavits are not pleadings.'" (emphasis in original) (citation omitted)); *Sierra v. United States*, No. 97-cv-9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying motion to strike defendant's motion to dismiss because motion is not a pleading and "Rule 12(f) does not authorize this court to strike documents other than pleadings.").

Accordingly, Plaintiffs' motion to strike Aetna's motion to dismiss should be stricken because it is unauthorized and procedurally and substantively improper.

**B.    Plaintiffs Have Suffered No Prejudice and Have Had a Fair and Full Opportunity to Respond to Aetna's Motion to Dismiss.**

Through the Declaration of Brendan J. Kearns, Plaintiffs' sole argument is that Aetna's motion to dismiss should be stricken because it exceeds "this Court's Individual Practices in Civil Cases [which] set[] a word limit of 6,500." (ECF No. 64, ¶ 3).  As a general matter, Local Civil Rule 7.1 governing the form and length of briefs that are filed by an attorney or prepared with a computer provides that memoranda of law "may not exceed 8,750 words." L.R. 7.1(c).  Plaintiffs do not cite to which Individual Practices they are referring to, but presumably they are referencing Rule V.d. of Magistrate Judge Wang's Individual Rules which provides a 6,500-word count for memoranda of law.  However, Judge Wang's Individual Rules do not apply to Aetna's dispositive motion to dismiss because this matter was referred to her for general pretrial purposes, which includes non-dispositive motions only.  (ECF No. 18).  Rather, Judge Rochon's Individual Rules apply, which provide that memorandum of law "are limited to 8,750 words." *See* Judge Rochon Ind. R. 3.C.  Aetna's brief contains 8,678 words, 72 less than the limits imposed by Local Civil Rule 7.1 and Judge Rochon's Individual Rules. (ECF No. 60 at 29).

It is within the Court's discretion to strike memoranda for not abiding by its individual practices, but such discretion is typically exercised only when the opposing party is prejudiced by the violation or did not have an opportunity to respond in its own memorandum.  *See Catz*, 2021 WL 1600097 at *4; *Nat'l Grid Corp. v. Brand Energy Servs.*, No. 13-cv-1275 (DRH)(ARL), 2017 WL 1194499, at *10 n7 (E.D.N.Y. Mar. 30, 2017) (denying request to strike excess pages from plaintiff's memorandum because it did not prejudice defendant); *Kendall v. Fisse*, No. 00-cv-5154 (SJJ), 2004 WL 1196811, at *1 n1, (E.D.N.Y. May 25, 2004) ("Plaintiff's misconduct in submitting an opposition brief that exceeds this Court's page limit by fifteen pages does not justify this Court striking the brief in its entirety."

Here, it is axiomatic Plaintiffs have suffered no prejudice. They claim they are prejudiced "because plaintiff [sic] has maximized the word limit with legal arguments on the merits of the case." (ECF No. 64 at ¶ 6). But Plaintiffs have misread and misapplied the applicable rules and fail to identify any argument that they were unable to make because of any word count limitation. That is hardly a showing of prejudice, particularly when Plaintiffs have had a full and fair opportunity to consider and respond to Aetna's motion in their opposition. *See Guity v. Uniondale Union Free Sch. Dist.*, No. 15-cv-5693 (SJF)(AKT), 2017 WL 1233846, at *2 (E.D.N.Y. Mar. 31, 2017) (adopting recommendation not to strike memorandum that exceeded court's page limit because defendants had "full and fair opportunity to respond to it accordingly in their reply papers.").

Pursuant to Magistrate Judge Wang Orders, Aetna filed two renewed motions to dismiss on April 14 – (1) the pending motion in this matter, and (2) a similar motion to dismiss in Plaintiffs' companion case, No. 23-cv-8140 (JGK)(OTW). (*See* ECF No. 54; No. 23-cv-8140, Dkt. No. 45 at 2). Plaintiffs' opposition to both motions were due April 21. (*See id.*). Pursuant to the Individual Rules of Judge Koeltl and Judge Rochon, Plaintiffs had the opportunity to respond to Aetna's motions with opposition briefs containing up to 7,000 and 8,750 words, respectively. *See* Judge Koeltl Ind. R. III.D.; Judge Rochon Ind. R. 3.C. But they declined to do so. Instead, Plaintiffs' opposition briefs were both under 6,000 words—leaving more than 1,000 and 1,750 words on the table. (ECF No. 61 at 28; No. 23-cv-8140, Dkt. No. 52 at 27).

Moreover, Plaintiffs filed substantively identical oppositions to both motions, and they wasted eight pages in each arguing against ERISA express preemption, which Aetna did not raise or argue in either motion to dismiss. (*See* ECF No. 61 7-15; No. 23-cv-8140, Dkt. No. 52 at 7-15). To the extent Plaintiffs have any claim of prejudice, it's the result of their own undoing for

failing to read the proper Individual Rules and respond to the arguments Aetna actually made in its motions. Plaintiffs have had every opportunity to submit a fulsome response to Aetna's motion, they just failed to do so. *See Guity, supra.*

Plaintiffs further claim that Aetna's memorandum "contains numerous statements that are impertinent, inflammatory, and serve no legitimate legal function" and contains matter "immaterial to the disposition of the motion." (ECF No. 64, ¶¶ 7, 10). But they provide no basis, legally or factually, why those statements should be stricken. Rather, Plaintiffs openly acknowledge their "bad case" and seemingly don't like Aetna's arguments in its motion and request for sanctions. (ECF No. 64, ¶ 10 ("Plaintiffs recognize that it is the hallmark of a bad case when one's adversary resorts to ad hominem attacks"). Plaintiffs' motion to strike reads more like wounded indignation than legal argument. Unable to refute any substantive grounds for dismissal or challenge the admissibility or relevance of Aetna's memorandum, Plaintiffs instead take offense at Aetna's word choice and tone, treating this as if it were a cognizable legal standard. That is not a basis to strike statements in Aetna's motion to dismiss.[2] Instead, Plaintiffs' recourse was to respond to Aetna's arguments through their opposition brief. Which they have done—in less than 6,000 words.

---

[2] Moreover, Rule 12(f) provides that "[t]he court may strike from a pleading ... any redundant, *immaterial*, *impertinent*, or scandalous matter." Fed. R. Civ. P. 12(f). As discussed above, Aetna's motion to dismiss is not a *pleading*. Nonetheless, "[i]n deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (1976). Thus, to prevail in such a motion, Plaintiffs must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Impulsive Music v. Pomodoro Grill, Inc.*, No. 08-cv-6293 (MAT), 2008 WL 4998474, at *2 (W.D.N.Y. Nov. 19, 2008) (internal citations omitted). Plaintiffs fail to establish any basis for such a motion, even if it were permitted.

Accordingly, Plaintiffs have suffered no prejudice, and they have had a "full and fair opportunity" to consider Aetna's motion to dismiss and respond accordingly to it in their opposition.  Aetna respectfully requests that the Court deny Plaintiffs' motion to strike and, to the extent necessary, exercise its discretion to permit Aetna's motion to dismiss as filed.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion to strike should be denied.

Dated: April 25, 2025

Respectfully submitted,

/s/ *Adam J. Petitt*
Adam J. Petitt
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: apetitt@rc.com

*Attorneys for Defendant*
*Aetna Life Insurance Company*

## LOCAL CIVIL RULE 7.1(c) CERTIFICATION

I, Adam J. Petitt, hereby certify that the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Strike was prepared on a computer using Microsoft Word.

*Type.* A proportionally spaced typeface was used, as follows:
Name of typeface:   Times New Roman
Point size:   12 Point
Line spacing:   Double

*Word Count.* The total number of words in this brief, inclusive of point headings footnotes and endnotes, and exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates is 1,704 words.

Dated: April 25, 2025

/s/ *Adam J. Petitt*
Adam J. Petitt
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900
Email: apetitt@rc.com

*Attorneys for Defendant*
*Aetna Life Insurance Company*